```
                UNITED STATES BANKRUPTCY COURT
                MIDDLE DISTRICT OF NORTH CAROLINA
                    WINSTON-SALEM DIVISION

IN RE:                          )
                                )
SMITH AND SONS PAVING CO.,      )   CASE NO. 04-51504
                                )
        Debtor.                 )
```

MEMORANDUM OPINION

This case came before the court on October 6, 2005, for hearing upon the Debtor's objection to the amended proof of claim of Carolina Tractor & Equipment Company ("Carolina Tractor"). Gene B. Tarr appeared on behalf of the Debtor and James B. Spouse, Jr. appeared on behalf of Carolina Tractor. Having heard the evidence and arguments of counsel, the court finds and concludes as follows:

BACKGROUND

Paving Enterprises, Inc. ("Paving Enterprises"), obtained a contract from the North Carolina Department of Transportation to perform highway construction at Sugar Hill Road (the "Sugar Hill Project"). Paving Enterprises provided construction bonds for the job with Atlantic Mutual Insurance Company ("Atlantic Mutual") as surety on the bonds. When the Sugar Hill Project was not completed by Paving Enterprises, Maymead, Inc. ("Maymead"), became the completion contractor for the Sugar Hill Project, and as such agreed to indemnify Atlantic Mutual for any claims against the construction bonds issued by Atlantic Mutual.

Maymead then contracted with the Debtor to perform road construction services at the Sugar Hill Project. In turn, the

Debtor contracted with Carolina Tractor to supply goods and services for the Sugar Hill Project. When Carolina Tractor did not receive timely payment for the goods and services provided on the Sugar Hill Project, it made a claim under the Atlantic Mutual bond for $25,434.50.

The Sugar Hill Project was not the only construction job for which Carolina Tractor provided goods and services to the Debtor. The other contracts that Carolina Tractor had with the Debtor, however, were not bonded by Atlantic Mutual. When Carolina Tractor filed its first proof of claim (Claim No. 6) on June 8, 2004, it claimed to be owed $50,185.03, which included the amount owed on the Sugar Hill Project as well as the other amounts owed by the Debtor.[1]

After Carolina Tractor filed its original proof of claim, Atlantic Mutual, the Debtor, and Maymead filed a motion with this Court seeking authorization to pay certain pre-petition claims against the Debtor related to the Sugar Hill Project (the "Motion"). Pursuant to the Motion, either Maymead or Atlantic Mutual could pay claims against the Debtor that were covered under the terms of the performance bond and either entity would then be entitled to setoff the amount of any paid claim against the amount either party owed the Debtor on the bonded project. The Court

---

[1] The Debtor had listed Carolina Tractor in its Schedules as being owed a general unsecured claim for $48,783.63.

approved the Motion on August 30, 2004 (the "Order"), stating:

> 2. Maymead and Atlantic are authorized to pay any pre-petition Claims (as defined in the Motion) related to the Bonded Projects, provided that (a) Maymead or Atlantic obtain from the holder of the Claim a full release of the Debtor, Atlantic, and Maymead of all Claims related to the Bonded Project . . . .
>
> . . . .
>
> 4. Upon execution of the release described in the Motion, a Claimant shall withdraw and shall be deemed to have withdrawn any filed proof(s) of claim evidencing a Claim, and shall be deemed to have waived such Claim if listed in the Debtor's Schedules . . . .

(Document No. 130).

Pursuant to the Motion, a "Claim" was not specifically defined, but was described as a "pre-petition claim . . . against the Debtor related to certain bonded construction projects . . . ." (Document No. 100, p. 1). Likewise, the "release" described in the Order was not specifically defined in the Motion, but it was described in the Motion as "a full and complete release of those Claims against the Debtor and the estate . . . ." (Document No. 100, ¶ 6). Similarly, paragraph 10 of the Motion states, "In exchange for payment of the Claims, holders of Claims will release Maymead, Atlantic, the Debtor, and the estate from all liability on the Claims and shall be required to withdraw any filed proofs of claim evidencing the Claims, or waive any such Claims if such Claims were listed in the Debtor's Schedules as undisputed." No inference exists in either the Motion or the Order that either Maymead or Atlantic Mutual was going to pay or settle claims

- 3 -

against the Debtor related to non-bonded projects and there was no court approval or authorization for such settlements.

Acting pursuant to the Order, Maymead settled Carolina Tractor's $25,434.50 claim against the performance bond on the Sugar Hill Project by paying it $20,619.50. The Debtor asserts, however, that the release that Carolina Tractor executed as a condition to receiving payment from Maymead released all "claims" that Carolina Tractor had against the Debtor – not just the "Claim" related to the bonded Sugar Hill Project. The release states:

> [I]n consideration of the payment of . . . $20,619.50 . . . Claimant . . . does . . .
> (a) fully . . . release . . . [Maymead], the Debtor, and [Atlantic Mutual] . . . from any and all . . . claims . . . associated directly or indirectly with Claimant's Claim . . .
> (b) . . . release . . . any and all rights against the property upon which the Work was performed from any claim . . . arising out of . . . the Work . . .
> (c) waive any and all claims against the Debtor or its estate in Bankruptcy, whether filed on behalf of Claimant or listed in the Debtor's Schedules . . .
> (d) acknowledge . . . that Debtor, [Maymead] and [Atlantic Mutual] are co-debtors to Claimant with regard to Claimant's Claim and Claimant's claim in the Bankruptcy . . . .

(Exhibit D).

## ANALYSIS

The court is satisfied that the language of the release is confusing and ambiguous as to exactly what is being settled and which claims are being released. The Debtor apparently bases its entire case for objection upon the word "claim" being capitalized in some places in the release and not being capitalized in other

- 4 -

places.  Because the term "claim" as used in the release is ambiguous, its meaning is construed against the drafter, or against the party that has adopted the contract.  E.g., Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991) ("Since the performance bond was prepared or adopted by the surety, any ambiguities in the interpretation of the performance bond must be construed against the party drafting or adopting the document . . . .") (footnote omitted); Adder v. Holman & Moody, Inc., 219 S.E.2d 190, 196 (N.C. 1975) (stating that when an contract ambiguity exists, it is "construed against the party who prepared the writing.").  Thus, when the term "claim" can mean either the entire amount of Carolina Tractor's claim against the Debtor and the estate on all bonded and non-bonded jobs, or can mean only the bankruptcy "claim" that relates to the bonded Sugar Hill Project, the second interpretation is to be adopted.  It follows from such interpretation that the objection should be overruled as to the portions of the claim not arising out of the Sugar Hill Project.

There is a more compelling reason, however, why Debtor's objection should be overruled to the extent that it extends to the portion of the Carolina Tractor claim arising from non-bonded jobs. There is no suggestion in the record that there was any dispute between the Debtor and Carolina Tractor regarding the indebtedness arising out of the non-bonded jobs.  Although the Debtor sought

court authorization to make settlements regarding the indebtedness arising out of the bonded jobs, no settlement authorization of any kind was sought regarding settlements related to indebtedness arising out of other projects. Certainly, the Debtor never sought court authorization for settlements in which claimants who had bonded claims would be required to surrender undisputed claims on non-bonded projects in order to receive what they were owed on the bonded projects. There is no legitimate basis for such a dubious practice and the court would not have approved such a practice had approval been sought, and the court is not now willing to disallow a claim based upon such a practice and the unauthorized settlement and release arising out of such a practice. The court therefore will overrule Debtor's objection to the portion of Carolina Tractor's claim which arises out of non-bonded projects.

At the hearing in this matter, Carolina Tractor admitted that its amended proof of claim (Claim No. 46) filed on August 26, 2005, in the amount of $28,864.83 contained an error in that the proof of claim included $4,815.00 which was released when its bonded claimed was settled. Therefore, the Court will reduce Carolina Tractor's general unsecured claim from $28,864.83 to $23,869.83 which shall be allowed.

CONCLUSION

The Debtor's objection to Carolina Tractor's Proof of Claim No. 6, as amended, is granted as to all amounts in excess of

$23,869.83. The objection is overruled as to the remaining $23,869.83 of the claim and Carolina shall be allowed an unsecured, nonpriority claim in that amount. A separate order will be entered contemporaneously herewith pursuant to Fed. R. Bankr. P. 9021.

PARTIES TO BE SERVED

Gene B. Tarr, Esq
P.O. Drawer 25008
Winston Salem, NC 27224-5008

James W. Sprouse, Jr., Esq.
Vann & Sheridan, LLP
P.O. Box 2445
Raleigh, NC 27602-2445

Michael D. West, Bankruptcy Administrator